## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DESHAWN FLOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.  14-0667 (RC) |
| | ) | |
| | ) | |
| U.S. PAROLE COMMISSION *et al.*, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Petitioner DeShawn Floyd, a District of Columbia prisoner, has applied for a writ of

habeas corpus under 28 U.S.C. § 2241.  He claims that the United States Parole Commission

lacks authority over him because he had completed his sentence prior to his arrest for violating

the terms of his supervised release.  Because the Commission's documentation belies petitioner's

premise, and the petition presents no other grounds for habeas relief, the Court will deny the

petition and dismiss the case.

## I.  BACKGROUND

Petitioner was convicted in the Superior Court of the District of Columbia after pleading

guilty to armed robbery.  He was sentenced in December 2006 to a prison term of 48 months,

followed by a supervised release term of three years.  Pet. at 2; *District of Columbia v. Floyd*,

No. 2006-CF3-3143 (Super. Ct. Dec. 15, 2006).  On September 20, 2009, prior to completion of

the prison term, petitioner was released to a detainer the Commission had lodged for another

offense.  Gov't Ex. 1 (Sentence Monitoring Computation Data at 2, 5).  Upon completing service

of the term underlying the detainer, petitioner was released on October 29, 2010, to serve the

supervised release term imposed in No. 2006-CF3-3143.  That term was to expire on October 28, 2013.[1]  *Id.*

On October 26, 2013, petitioner was arrested and charged in Fairfax County, Virginia, with petit larceny and possession of burglary tools.  As a result, the Commission issued a violator warrant on October 28, 2013, and amended the warrant on October 30, 2013, and December 3, 2013, with additional charges.  Gov't Exs. 2, 3, 4.

The United States Marshal executed the warrant by arresting plaintiff on October 30, 2013, and detaining him at the D.C. Jail.  Gov't Ex. 5.  Petitioner appeared with counsel for a probable cause hearing on November 1, 2013, and for a revocation hearing on December 16, 2013.  Gov't Exs. 6, 7.  The hearing examiner found that petitioner had indeed violated the terms of his supervised release, and recommended the revocation of petitioner's release term and the imposition of an eight-month prison term—below the guideline range of 12 to 16 months' imprisonment.  Gov't Ex. 7 (Hearing Summary).  On February 21, 2014, the Commission adopted the hearing examiner's recommendation and imposed an eight-month prison term, followed by a 52-month term of supervised release.[2]  Gov't Ex. 8 (Not. of Action). Petitioner filed the instant action in April 2014 from the District's Correctional Treatment Facility.

---

[1]     Under the laws governing D.C. Code offenders, the federal Court Services and Offender Supervision Agency supervises "any offender who is released from imprisonment for any term of supervised release imposed by the Superior Court . . . . Such offender [is] subject to the authority of the United States Parole Commission until completion of the term of supervised release." D.C. Code § 24-133(c)(2). "For most purposes, supervised release is the functional equivalent of parole and the law pertaining to the revocation of parole is applicable to the revocation of supervised release." *Anderson v. U.S. Parole Comm'n*, No. 10-1451, 2010 WL 5185832, at *2 (D.D.C. Dec. 22, 2010) (citing *Colts v. U.S. Parole Comm'n*, 531 F. Supp. 2d 8, 13 n.4 (D.D.C. 2008)) (other citation omitted).

[2]     "Whenever the Commission imposes a term of imprisonment upon revocation of supervised release that is less than the authorized maximum term of imprisonment, it shall be the Commission's general policy to impose a further term of supervised release that is the maximum term of supervised release permitted by § 2.219." 28 C.F.R. § 2.218(e).  Section 2.219 of the Code

## II.  ANALYSIS

District of Columbia prisoners are entitled to habeas corpus relief under 28 U.S.C. § 2241 upon showing that their "custody is in violation of the Constitution or laws or treaties of the United States."  *Id*., § 2241(c)(3).  Petitioner invokes the Fifth and Eighth Amendments and, inexplicably, 18 U.S.C. § 912 ("Officer or employee of the United States") and § 4001 ("Limitation on detention; control of prisons").  Pet. at 5.  The statutory claims are dismissed without further discussion.  *See Mayle v. Felix*, 545 U.S. 644, 649 (2005) ("Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement [than Rule 8(a) of the Federal Rules of Civil Procedure].  The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.' "); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A court may dismiss a complaint that lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### 1.  Fifth Amendment

Petitioner seems to advance arguments under both the due process clause and the double jeopardy clause.  *See* Pet. at 5-6 & Supp'g Mem. of P. & A, ECF No. 1-2.  He cannot prevail under either clause.

---

of Federal Regulations sets out a rather complex sentencing formula based on "the maximum authorized term of imprisonment for the offense of conviction [here 30 years for armed robbery], less the term of imprisonment imposed by the Commission upon revocation of supervised release."  Petitioner has not refuted that "the Commission's decision to impose a new 8-month term of imprisonment and a new 52-month term of supervised release is consistent with the relevant statutes and regulations."  Gov't's Opp'n at 9, n.7.

**A. Due Process**

It is established that District of Columbia prisoners have no Fifth Amendment liberty interest in their release to parole or other supervision, *Ellis v. District of Columbia*, 84 F.3d 1413, 1417-20 (D.C. Cir. 1996), and are entitled only to notice and a meaningful opportunity to be heard prior to the revocation of parole or supervised release. *See Sutherland v. McCall*, 709 F.2d 730, 733-34 (D.C. Cir. 1983) (applying standards set out in *Morrissey v. Brewer*, 408 U.S. 471 (1972)). Any claim based on procedural due process is defeated by the evidence in the record showing that petitioner received constitutionally adequate process prior to the challenged revocation. *See* Gov't Exs. 6 and 7.

Contrary to petitioner's premise, the Commission was well within its authority to issue the violator warrant on October 28, 2013, because "an offender [is] subject to the authority of the [USPC] until *completion* of the term of supervised release," D.C. Code § 24-133(c)(2) (emphasis supplied), and petitioner had not yet completed the supervised release term when the violator warrant was duly issued. *See* 28 C.F.R. § 2.211(d) ("A . . . warrant shall be considered issued when signed and . . . [s]ent by electronic transmission to the appropriate law enforcement authority."); Gov't's Ex. 5 (showing warrant faxed to the U.S. Marshals Service on October 28, 2013). Hence, the fact that petitioner was arrested on the warrant after October 28, 2013, when the supervised term was to expire, is inconsequential because the issuance of a valid warrant essentially stops or "tolls" the running of the time credited towards service of the sentence, *Bethea v. U.S. Parole Comm'n*, 751 F. Supp. 2d 83, 87 (D.D.C. 2010), even when the warrant is issued on the day the sentence is to expire, *see Russie v. U.S. Dep't of Justice*, 708 F.2d 1445, 1448 (9th Cir. 1983); *United States v. Venable*, 416 F. Supp. 2d 64, 74 (D.D.C. 2006). And under the applicable parole regulation, the "warrant maintains the Commission's jurisdiction to

retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to the revocation of parole and the forfeiture of time pursuant to D.C. Code 24-406(c)." 28 C.F.R. § 2.98. *See also* 28 C.F.R. § 2.211(e) ("The issuance of a warrant under this section operates to bar the expiration of the term of supervised release."). Consequently, to the extent that petitioner is claiming a due process violation based on the timing of the warrant's execution, he has stated no ground for relief.

### B. Double Jeopardy

Petitioner asserts that he "had served out his 48 months full term prison term imposed . . . on 10/29/2010 and paid his court $100 imposed sentence . . ., in violation of the double jeopardy clause." Pet. at 5. The Court fails to see the logic of this argument since the sentence underlying this action was imposed in December 2006, *see* Pet. at 2, and the record shows that petitioner had not completed serving that sentence when the Commission issued the revocation warrant. Regardless, the double jeopardy clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V. And "it is established that jeopardy does not attach in probation or parole revocation proceedings because they are not new criminal prosecutions but rather continuations of the original prosecutions which resulted in probation or parole." *Crowe v. Johnston*, No. 11-2019, 2011 WL 5970881, at *1 (D.D.C. Nov. 29, 2011) (citations and internal quotation marks omitted); *see accord Saunders v. United States*, 72 F. Supp. 3d 105, 109 (D.D.C. 2014) (citing cases); *Campbell v. U.S. Parole Comm'n*, 563 F. Supp. 2d 23, 27 (D.D.C. 2008) (The double jeopardy clause "is simply not applicable to parole decisions.") (citing *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980); *Maddox v. Elzie*, 238 F.3d 437, 447 (D.C. Cir. 2001)).

### 2.  Separation of Powers

Petitioner asserts that the Commission's "power to revoke and re-sentence[ ] D.C Code offenders is a core judicial function that cannot be 'delegated' to parole officials."  Supp'g Mem. at 2.  But "[d]istrict courts in this Circuit have . . .unanimously recognized that the Commission's exercise of its supervisory authority does not usurp the judicial function or offend the doctrine of separation of powers."  *Rahim v. U.S. Parole Comm'n*, 77 F. Supp. 3d 140, 145 (D.D.C. 2015) (citing *Morrison v. U.S. Parole Comm'n*, 68 F. Supp. 3d 92 (D.D.C. 2014); *Taylor v. U.S. Parole Comm'n*, 860 F. Sup. 2d 13, 16 (D.D.C. 2012); *Smallwood v. U.S. Parole Comm'n*, 777 F. Supp. 2d 148, 150 (D.D.C. 2011) (collecting cases)).  Petitioner has raised no arguments meriting a departure from those prior decisions.

### 3.  Eighth Amendment

As applicable here, the Eighth Amendment to the Constitution prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.   Petitioner has not described the conditions of his confinement at the Correctional Treatment Facility.  *See Mowatt v. U.S. Parole Comm'n*, 815 F. Supp. 2d 199, 208 (D.D.C. 2011), quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("A prison official violates the Eighth Amendment only when two requirements are met[,]" *i.e.*, when the alleged deprivation is so serious as to result in "the denial of the minimal civilized measure of life's necessities" and the prison official acted with "a sufficiently culpable state of mind . . . of deliberate indifference" to the prisoner's health or safety) (citations, alterations, and internal quotation marks omitted).   Nor has petitioner claimed that prison officials were " 'put on notice and then simply refused to investigate a . . . claim that he [was] entitled to be released.' "  *Watson v. D.C.*, No. 02-980, 2005 WL 1903573, at *9 (D.D.C. July

18, 2005) (quoting *Moore v. Tartler*, 986 F.2d 682, 686 (3rd Cir. 1993)).  Therefore, the Court finds no basis for granting the writ on Eighth Amendment grounds.

## CONCLUSION

For the foregoing reasons, the Court concludes that petitioner has presented no grounds for issuing a writ of habeas corpus.  Consequently, the petition is denied and this case is dismissed.  A separate order accompanies this Memorandum Opinion.


_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

DATE:  September 14, 2015